IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARNELL J. PARKER,** | )<br>)<br>) |
| *Plaintiff*, | ) Case No. 1:22-cv-02344-RDM<br>) |
| v. | ) Jury Trial Demand<br>) |
| **JANET L. YELLEN, SECRETARY,**<br>**UNITED STATES DEPARTMENT**<br>**OF THE TREASURY,** | )<br>)<br>)<br>) |
| *Defendant.* | )<br>) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND COMBINED OPPOSITION TO MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OUT OF TIME

Comes now Plaintiff Darnell J. Parker, by and through undersigned counsel, and hereby files this Opposition to Defendant's Motion to Dismiss and Combined Opposition to Motion for Extension of Time to Effect Service Out of Time, and in support thereof states as follows.

### INTRODUCTION

Defendant Janet L. Yellen, Secretary, U.S. Department of the Treasury (hereinafter "Defendant" or the "Agency") has filed a Motion to Dismiss Plaintiff's Complaint because the Summons and Complaint were not served on the Agency, the U.S. Attorney General, and the U.S. Attorney's Office for the District of Columbia within 90 days of issuance of the summons by the Clerk. ECF No. 9.

### ARGUMENT

Plaintiff filed a Complaint on August 8, 2022, and Plaintiff's Affidavits of Service of the Summons and Complaint were due to be filed with the Court on November 7, 2022. On November 8, 2022, Plaintiff requested an extension of time to serve the Summons and Complaint, ECF No.

1

7, and filed Affidavits of Service, ECF Nos. 4, 5, and 6, and the Court has yet to rule on Plaintiff's motion. Plaintiff requested an extension of time, through November 15, 2020, to serve the Summons and Complaint and requested an extension of time, through November 25, 2022, to file corrected Affidavits of Service.

Fed. R. Civ. P. 4(m) provides: "Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Defendant argues in its motion that the service requirements in Rule 4 were not met, and simple neglect is an insufficient basis to extend the service for an appropriate period. Defendant argues that there is no evidence supporting this assertion and there is no explanation of the administrative error or why the error occurred. Plaintiff submits that good cause exists for granting the requested relief because after the Summons in this matter was issued on August 9, 2022, ECF No. 2, Counsel gave instructions to staff to prepare for service the summons and complaint by certified mail which is the normal practice in the office, and Counsel believed that the Summons and Complaint were served in September 2022. Due to an administrative error, the Summons and Complaint were not served, and the error was not discovered until November 8, 2022. Plaintiff's counsel was under the mistaken belief that the Summons and Complaint had been served on the U.S. Attorney General and the Agency and the U.S. Attorney's Office for the District of Columbia in September 2022. There was no neglect; counsel was operating under a mistaken belief.

The Summons and Complaint were served via certified mail and Affidavits of Service were lodged with the Court on November 8, 2022, ECF Nos. 4, 5, and 6. The Clerk of the Court issued

Notices of Error on November 9, 2022, with respect to the lodged affidavits. Plaintiff refiled and lodged corrected Affidavits of Service on November 25, 2022, which note dates of delivery of the Summons and Complaint on November 15, 2022, for Defendant and the U.S. Attorney General; and electronically on November 8, 2022, for the U.S. Attorney for the District of Columbia pursuant to its April 25, 2022, Service of Process in Civil Actions Notice. ECF Nos. 10, 11, 12.

Plaintiff will be severely prejudiced should he not be able to proceed with his Complaint due to an inadvertent administrative and procedural error. Plaintiff filed his Complaint following judgment by the U.S. Equal Employment Opportunity Commission and a Final Agency Decision and had 90 days to file the Complaint in court. A dismissal without prejudice will effectively be a dismissal with prejudice because Plaintiff will not be able to refile his Complaint. Plaintiff requests that the motion to dismiss be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss and Combined Opposition to Motion for Extension of Time to Effect Service Out of Time.

Date: December 1, 2022               Respectfully submitted,

                                                                */s/ David A. Branch*
David A. Branch, Esq.
D.C. Bar No. 438764
Law Office of David A. Branch
& Associates, PLLC
1828 L Street, N.W., Suite 820
Washington, D.C. 20036
Phone: (202) 785-2805
Fax: (202) 785-0289
Email: davidbranch@dbranchlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify on this 1st day of December 2022, that a copy of the forgoing was served electronically via the Court's CM/ECF e-filing system on counsel for Defendant listed below:

Peter C. Pfaffenroth
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2513
Fax: (202) 252-2599
Email: peter.pfaffenroth@usdoj.gov

                                                  */s/ David A. Branch*
                                                David A. Branch, Esq.