UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARNELL J. PARKER,

           Plaintiff,

    v.

JANET YELLEN,
Secretary of Treasury,

           Defendant.

Civil Action No. 22-2344 (RDM)

**DEFENDANT'S COMBINED REPLY IN SUPPORT OF MOTION TO DISMISS AND RESPONSE TO PLAINTIFF'S CORRECTED AND OPPOSED MOTION FOR AN EXTENSION OF TIME TO SERVE SUMMONS, COMPLAINT, AND CORRECTED AFFIDAVITS PURSUANT TO FED. R. CIV. P. 4(m) OUT OF TIME**

On November 17, 2022, Defendant filed a Motion to Dismiss and Combined Opposition to Motion for Extension of Time ("Motion to Dismiss" (ECF No. 9)) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5) in response to Plaintiff's motion for an after-the-fact extension to effect Rule 4 service (ECF No. 7).  On November 25, 2022, Plaintiff filed Plaintiff's Corrected and Opposed extension motion ("Corrected and Opposed Motion" (ECF No. 13)).  Thereafter, on December 1, Plaintiff filed an Opposition to Defendant's Motion to Dismiss (ECF No. 14).

Plaintiff's latest pleading offers no substantive information to justify Plaintiff's out of time request for more time to serve Defendant.  As explained below and more thoroughly in Defendant's Motion to Dismiss, Plaintiff has failed to satisfy his burden of proof to show good cause for failing to effect proper and timely service of the summonses and complaint.  As a result, Defendant respectfully requests that the Court deny Plaintiff's Corrected and Opposed Motion to serve out of time corrected summonses and the complaint, and grant Defendant's Motion to Dismiss.

According to Rule 4, if a plaintiff has failed timely to serve a complaint, the Court determines whether good cause exists to allow time to perfect service. (ECF No. 9 at 3).  Here, Plaintiff has failed to establish good cause for his counsel's "administrative error" despite three opportunities to do so.  (ECF No. 13 at 2; ECF No. 14 at 2).  In his third and final attempt, he has asserted that:

> [a]fter the Summons in this matter was issued on August 9, 2022, ECF No. 2, Counsel gave instructions to staff to prepare for service [of] the summons and complaint by certified mail which is the normal practice in the office, and Counsel believed that the Summons and Complaint were served in September 2022. Due to an administrative error, the Summons and Complaint were not served, and the error was not discovered until November 8, 2022. Plaintiff's counsel was under the mistaken belief that the Summons and Complaint had been served on the U.S. Attorney General and the Agency and the U.S. Attorney's Office for the District of Columbia in September 2022. There was no neglect; counsel was operating under a mistaken belief.

ECF No. 14 at 2.

Putting aside Plaintiff's legal conclusion that there was no neglect and that "a mistaken belief" is sufficient to establish good cause, Plaintiff in fact has offered no details sufficient to make the showing required under Rule 4(m) to obtain an extension to perfect service.  To the contrary, Plaintiff's counsel's assertions merely establish a typical neglect scenario.  Plaintiff's counsel apparently did not inquire about service for months and did not track the confirmation that would have been received from the certified mailings had they been properly made.  Yet "[i]t was within [plaintiff's] control to track court deadlines and to be aware of the Federal Rules of Civil Procedure, particularly as he was represented by counsel." *Morrisey v. Mayorkas*, 17 F.4th 1150, 1163 (D.C. Cir. 2021).  Plaintiff's careless approach to the service of process requirement that is "fundamental to any procedural imposition on a named defendant" is wholly inadequate to establish Rule 4(m) good cause. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (service of a summons to answer the complaint is "the procedure by which a court . . .

asserts jurisdiction over the person of the party served," and, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant" (citation omitted)).

Plaintiff's counsel's attempt to blame his staff for his failure to properly manage his practice, including meeting deadlines that are essential to allowing a lawsuit to proceed, is unavailing.   "'Counsel cannot escape the consequences of his neglect in claiming that his employees or the Clerk's office are to blame; he alone is responsible for making certain that service is perfected.'"  *Bond v. Millsap*, Civ. A. No. 10-1036, 2013 WL 319502, at *3 (S.D. Ind. Jan. 28, 2013) (quoting *Birdsong v. United States*, Civ. A. No. 91-7966, 1992 WL 245630 (N.D. Ill. Sept. 24, 1992)).  Moreover, Plaintiff's counsel's alleged mistaken belief is comparable to a lack of oversight, which the law does not recognize as good cause to cure a failure to effect proper and timely service under Rule 4.  (ECF No. 9 at 5).

As the attorney of record and an officer of the Court, Plaintiff's counsel has certified himself to be familiar with applicable rules and the statutes under which he initiates suits, to include those prescribing deadlines for service of process and for timely filing employment discrimination suits.  *Ctr. for Nuclear Resp., Inc. v. U.S. Nuclear Regulatory Comm'n*, 781 F.2d 935, 942 (D.C. Cir. 1986); *Morrisey*, 17 F.4th at 1159 ("confusion or failure to read or understand Rule 4(i) does not constitute good cause").  Yet, notwithstanding his professional obligations, Plaintiff's counsel has had multiple lawsuits dismissed at the outset on timeliness grounds, most recently in May 2022.  *See Brisbon v. Tischner*, Civ. A. No. 20-3183 (RBW), 2022 WL 1521782, at *4-6 (D.D.C. May 13, 2022).  An attorney who repeatedly has encountered such difficulties should be hypervigilant about significant deadlines.  Instead, Plaintiff continues to offer no meaningful evidence to establish good cause, and his generic "administrative error" excuse does

nothing to establish good cause in this matter.  *See Cohen v. Bd. of Trs. of the Univ. of D.C.*, 819

F.3d 476, 480 (D.C. Cir. 2016) ("misread[ing]" of a docket was not a "reasonable excuse" for

missing a filing deadline); *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012)) ("'good cause

exists when some outside factor . . . rather than inadvertence or negligence, prevented service,' for

example, a defendant's intentional evasion of service") (citation omitted).  Ultimately, Plaintiff

has not borne his burden to establish good cause, and this case thus should be dismissed.  *See*

*Morrisey*, 17 F.4th at 1158 (affirming dismissal for lack of timely service where, as here, plaintiff

"made no attempt to demonstrate good cause to the district court before the deadline for service

had passed").[1]

　　　　Further, a few other matters raised in Plaintiff's counsel's filings warrant brief discussion.

First, Plaintiff's counsel asserted that he fell ill sometime during the week of November 15 and

later tested positive for COVID-19. (ECF No. 13 at 2).  Defendant hopes that Plaintiff's counsel

makes a quick and complete recovery.  Yet this contention about counsel's health is simply a red

herring and not germane to the issue at hand—he failed to properly serve the summons and

---

[1]　　　Counsel's assertion that Plaintiff is without recourse should the case be dismissed is
incorrect.  This case is before the Court after thoroughly litigating the matter at the administrative
level, which led to two administrative judge decisions finding no discrimination, as well as an
EEOC appellate decision affirming the Defendant's final order adopting one of the decisions.
*Elliot L. v. Janet L. Yellen, Sec'y, Dep't of the Treasury*, Appeal No. 2021004057, 2022 WL
1632573 (E.E.O.C. May 9, 2022).  Although administrative proceedings are not dispositive, there
have in any event been multiple opportunities for Plaintiff to seek relief in this matter from a
neutral arbiter, and each such effort has failed.  Finally, if, despite all these adverse rulings,
Plaintiff continues to believe that his claims have merit, he may pursue a claim against his counsel
in a proper forum based on Plaintiff's counsel's negligent failure to timely effect service.  In any
event, that a claim may be barred if an extension pursuant to Rule 4(m) is not granted does not
require a court to grant a plaintiff more time to complete service of process.  To the contrary, a
"court may decline to grant a discretionary extension even if the statute of limitations would bar
refiling."  *Morrisey*, 17 F.4th at 1160; *accord id.* at 1164 ("Although the running of the statute of
limitations may prevent [plaintiffs] from suing the agencies for which they worked, even in these
circumstances the district court has substantial discretion to grant or to deny an extension of time
to perfect service.").

complaint prior to November 8, the applicable deadline.  Thus, counsel's illness occurring after that deadline, during the week of November 15, provides no good cause to excuse Plaintiff's failure to make timely service.[2]

Finally, Plaintiff disingenuously asserts that he contacted Defendant "seeking Defendant's position as to the requested relief and Defendant had not responded as of the time of this motion's filing."  (ECF No 13 at 3).  It was not until 7:35 pm on November 25th—the Friday after Thanksgiving—that Plaintiff's counsel's practice reached out to the undersigned to request the government's position, and, barely four hours later, Plaintiff's Corrected and Opposed Motion was filed.  An email after business hours on a holiday weekend can hardly be considered a "good-faith effort to determine whether there is any opposition to the relief sought."  LCvR 7(m).

*   *   *

---

[2]   Had Plaintiff requested consent for a reasonable extension in which to respond to Defendant's Motion to Dismiss, Defendant would have readily agreed, but the only extension requested was for effecting service, and, in the absence of a showing of good cause, Defendant cannot consent to the request that Plaintiff actually did (belatedly) make.

In summary, for the reasons stated herein and in Defendant's Motion to Dismiss, Defendant respectfully requests that, pursuant to Federal Rules of Civil Procedure 12(b)(5), the Court grant Defendant's Motion to Dismiss and dismiss this case without prejudice.  Further, the Court should deny Plaintiff's extension motion.

Dated: December 8, 2022
       Washington, DC

                          Respectfully submitted,

                          MATTHEW M. GRAVES, D.C. Bar #481052
                          United States Attorney

                          BRIAN P. HUDAK
                          Chief, Civil Division

                          By: */s/ Peter C. Pfaffenroth*
                          PETER C. PFAFFENROTH, D.C. Bar 496637
                          Deputy Chief, Civil Division
                          U.S. Attorney's Office
                          601 D Street, NW
                          Washington, DC 20530
                          (202) 252-2513
                          Peter.Pfaffenroth@usdoj.gov

                          *Attorneys for the United States of America*