### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

DARNELL J. PARKER,

           *Plaintiff*,

    v.

JANET L. YELLEN, *Secretary, United States Department of the Treasury*,

        *Defendant*.

Civil Action No. 22-2344 (RDM)

### MEMORANDUM OPINION AND ORDER

Courts must, at times, strike a balance between ensuring that the parties have an opportunity to be heard on the merits, while enforcing technical rules and time limits. At times, that balance is a close one, where compelling interests weigh on both sides of the scale. This is not such a case. It is, instead, an easy case in which the balance tips decidedly in favor of granting Plaintiff a short extension of time to effect service, thereby ensuring that the case can be decided on the merits and not based on a minor misstep by Plaintiff's counsel that has caused Defendant no prejudice.

Before the Court are three related motions: (1) Plaintiff's Motion for a One-Day Extension of Time to Serve Summons and Complaint Pursuant to Fed. R. Civ. P. 4(m) Out of Time, Dkt. 7; (2) Defendant's Motion to Dismiss, Dkt. 9; and (3) Plaintiff's Corrected and Opposed Motion for an Extension of Time to Serve Summons and Complaint and to File Corrected Affidavits of Service Pursuant to Fed. R. Civ. P. 4(m) Out of Time, Dkt. 13. All three turn on the same ultimate question—should the Court retroactively grant Plaintiff a short extension of time (a little over a week) to effect service of process? Because the answer to that

question is clearly "yes," the Court will **GRANT** Plaintiff's corrected motion for an extension of time, Dkt. 13; will **DENY** Defendant's motion to dismiss for failure to effect service within ninety days, Dkt. 9, and will **DENY** as moot Plaintiff's original motion for a one-day extension of time, Dkt. 7.

## I.

On August 8, 2022, Plaintiff Darnell Parker, a former employee of the U.S. Department of Treasury, filed suit against the Secretary of the Treasury under Title VII of the Civil Rights Act of 1964.  Dkt. 1 at 1–2 (Compl. ¶ 4–5).  Under Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve the Complaint on or before November 7, 2022.  (Technically, the ninety-day deadline fell on November 6, 2022, but because November 6 was a Sunday, the deadline was extended to November 7, *see* Fed. R. Civ. P. 6(a)(1)(C)).  All agree that Plaintiff failed to effect service on or before November 7.

The very next day, November 8, however, Plaintiff filed four documents with the Court. He first filed three affidavits of service by certified mail: one for Treasury Secretary Janet Yellen, one for Attorney General Merrick Garland, and one for Matthew Graves, United States Attorney for the District of Columbia.  *See* Dkts. 4, 5, 6; *see also* Fed. R. Civ. P. 4(i)(1) ("To serve the United States a party must" (1) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought;" or (2) "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.;" and (3) "if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer."); *id.* 4(i)(2) ("To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the

summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee."). Each reflected that Plaintiff caused the summons and complaint to be sent by certified mail to the required recipients on November 8.

Because this all occurred one day late, Plaintiff also filed a motion for a one-day extension of time to serve the summons and complaint. *See* Dkt. 7. That motion explained that Plaintiff's "[c]ounsel believed that the Summons and Complaint w[ere] served in September 2022, but due to an administrative error, [they] w[ere] not served, and the error was not discovered until November 8, 2022 when the Summons and Complaint w[ere] served via certified mail." *Id.* at 1–2. The motion further observed that Plaintiff "will be severely prejudiced should he not be able to proceed with his claims due to an inadvertent administrative and procedural error." *Id.* at 2. The next day, November 9, the Clerk of the Court filed three "Notice[s] of Error," indicating that Plaintiff's returns were deficient because they included only the date of mailing, and not the date of delivery. *See* Notices of Error (Nov. 9, 2022).

On November 17, the Treasury Department filed a combined motion to dismiss and opposition to Plaintiff's motion for extension of time. *See* Dkt. 8. The Department urged the Court to reject Plaintiff's request for an extension of time to effect service because, in the Department's view, Plaintiff's motion failed to establish "good cause." *Id.* at 4. As the Department observed, Plaintiff's counsel cited to an "administrative error" but failed to offer any explanation for how and why that error occurred. *Id.* For support, the Department cited caselaw holding that neglect alone is insufficient to establish good cause. *Id.* at 5–6. The Department also complained that Plaintiff's extension motion was not served on the U.S. Attorney's Office. *Id.* at 6.

On November 25, Plaintiff refiled the three corrected affidavits of service, Dkts. 10, 11, 12, and also filed a corrected motion for an extension of time to serve, Dkt. 13. In that motion, Plaintiff requested an extension of time through November 15, 2022 to serve the complaint and summons and an extension of time through November 25 to file corrected affidavits of service. *Id.* at 1. Plaintiff's counsel repeated his assertion that an "administrative error" prevented him from timely serving the government. *Id.* at 2. He also explained that he had COVID-19 the week of November 15, and, as a result, was unable to correct the affidavits of service until November 25. *Id.*

On December 1, Plaintiff's counsel filed an opposition to Defendant's motion to dismiss, explaining that he "gave instructions to staff to prepare for service the summons and complaint by certified mail which is the normal practice in the office[] and [that he] believed that the Summons and Complaint were served in September 2022." Dkt. 14 at 2. Counsel again cited an "administrative error" and stated that "[t]here was no neglect; counsel was operating under a mistaken belief." *Id.* Finally, he argued that "[a] dismissal without prejudice will effectively be a dismissal with prejudice because Plaintiff will not be able to refile his Complaint," as the ninety-day period for filing suit following issuance of the U.S. Equal Employment Opportunity Commission's decision has run. *Id.* at 3.

A week later, the Department filed a combined reply in support of its motion to dismiss and an opposition to Plaintiff's corrected motion for an extension of time. *See* Dkt. 16. The Department once again stressed that Plaintiff has failed to offer any "substantive information to justify [his] out of time request for more time to serve" and that counsel's error was simple neglect. *Id.* at 1–2. As the Department put it, "Plaintiff's counsel apparently did not inquire about service for months and did not track the confirmation that would have been received from

the certified mailings had they been properly made." *Id.* at 2.  The Department added: in light of

counsel's history of having "lawsuits dismissed at the outset on timeliness grounds," he "should

[have been] hypervigilant about significant deadlines." *Id.* at 3.

## II.

The present dispute is governed by Federal Rule of Civil Procedure 4(m), which provides

in relevant part:

> **Time Limit for Service.**  If a defendant is not served within 90 days after the
> complaint is filed, the court—on motion or on its own after notice to the
> plaintiff—must dismiss the action without prejudice against that defendant or
> order that service be made within a specified time.  But if the plaintiff shows
> good cause for the failure, the court must extend the time for service for an
> appropriate period.

Under the plain language of Rule 4(m), a district court has two options "[i]f a defendant is not

served within 90 days after the complaint is filed."  The Court must either (1) "dismiss the action

without prejudice against [the unserved] defendant," or (2) "order that service be made within a

specified time."  This discretion is curtailed, however, "if the plaintiff shows good cause for [his]

failure" to effect service in ninety days.  If the plaintiff makes that showing, "the court must

extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m); *see also Morrissey

v. Mayorkas*, 17 F.4th 1150, 1156 (D.C. Cir. 2021) (noting that the rule leaves district courts

"discretion when determining whether to dismiss for failure to timely effect service," unless the

plaintiff shows good cause, in which case the court is required to extend the time to serve).

The Court is skeptical that Plaintiff has shown "good cause."  In general, "[g]ood cause

exists 'when some outside factor . . . rather than inadvertence or negligence, prevented service,'

for example, a defendant's intentional evasion of service, or the plaintiff proceeds *in forma

pauperis* and was entitled to rely on the United States marshal (or deputy marshal) to effect

service."  *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) (internal citations omitted)

(quoting *Lepone–Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)).  By

contrast, "inadvertence, oversight, or neglect" do not usually qualify as "good cause."  *Id.* at 376;

*see also Kaul v. Fed'n of State Med. Boards*, No. 19-CV-3050, 2021 WL 1209211, at *14

(D.D.C. Mar. 31, 2021).  Here, Plaintiff's counsel maintains that he failed timely to serve due to

some unspecified "administrative error," and he blames his staff for failing to serve.  Dkt. 14 at

2.  It is difficult to conceive how a lapse of that type can qualify as "good cause."  *See*

*Morrissey*, 17 F.4th at 1159 ("Morrissey's confusion or failure to read or understand Rule 4(i)

does not constitute good cause.").

          For present purposes, however, the Court need not (definitively) decide whether Plaintiff

has established good cause.  "Even i[n] the absence of good cause, a district court may, in its

discretion, grant an extension."  *Penn v. District of Columbia*, No. CV 22-0745, 2023 WL

143338, at *5 (D.D.C. Jan. 10, 2023); *see also Murphy v. Wolf*, No. 19-CV-1954, 2022 WL

4379037, at *2 (D.D.C. Sept. 22, 2022).  Plaintiff argues that an extension is appropriate because

he "will be severely prejudiced should he not be able to proceed with his Complaint due to an

inadvertent administrative and procedural error."  Dkt. 14 at 3.  He explains, without

contradiction from the Department, that because the time to bring suit has now expired, he would

not be able to refile his complaint, and so dismissing for failure to serve would—in effect—

constitute a final adjudication on the merits.  *Id.*

          The D.C. Circuit recently addressed whether district courts are *required* to grant

extensions of time to effectuate service when the statute of limitations has run, and the plaintiff

therefore cannot refile.  *See Morrissey*, 17 F.4th at 1153.  The court wrote: "When a plaintiff has

otherwise not demonstrated good cause for failing to effectuate service, the running of the statute

of limitations does not require a district court to extend the time for service of process."  *Id.*

Most notably, the court of appeals "decline[d] to apply a heightened standard or cabin the district court's broad discretion to manage its docket," *id.* at 1157, and it, accordingly, held that a district court does not abuse its discretion when it dismisses a case in which service was not timely effected without prejudice, *id.* at 1153, 1159–61, 1163–64.

But, at the same time, the *Morrissey* court recognized that a district court may, in its discretion, decide to grant an extension of time to serve.  *Id.* at 1156.  And, indeed, that is precisely what Rule 4(m) says.  The *Morrissey* court also provided district courts with helpful guidance regarding the "range of factors" they "may consider" when "determining whether to grant a discretionary extension under Rule 4(m)."  *Id.* at 1159.  "These factors include: whether the statute of limitations would bar the plaintiff from refiling his complaint; whether the plaintiff had 'been diligent in correcting the service deficiencies'; and whether the plaintiff was a pro se litigant deserving of 'additional latitude . . . to correct defects in service of process.'"  *Id.* at 1160 (quoting *Mann*, 681 F.3d at 376–77).  Applying that guidance, the Court has little difficulty in concluding that dismissal is not warranted here and that the more just remedy is to provide Plaintiff with the short extension of time he requested.  *See* Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure "should be construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding.").

First, "[u]nlike the two cases at issue in *Morrissey*, in which the district courts explicitly warned the plaintiffs that untimely service may result in dismissal, here," because Plaintiff requested a short extension only one day after the ninety-day time for effecting service ran, "the court did not issue any such warning."  *Murphy*, 2022 WL 4379037, at *2 (internal citation omitted).  Where the plaintiff did not receive a warning first, courts are less inclined to dismiss the complaint, especially when doing so would effectively end the case.  *Accord Cole v. Haines*,

Civ. A. No. 21-2599, 2022 WL 2966332, at *2 (D.D.C. July 27, 2022) (dismissing claims where court twice granted extensions of time beyond the ninety-day deadline); *Wine v. U.S. Dep't of the Interior*, No. 1:21-CV-03349, 2022 WL 888197, at *2 (D.D.C. Mar. 25, 2022) ("Despite multiple warnings and guidance from the Court, Wine did not [complete service].").

Second, the *Morrissey* court affirmed that, even if not dispositive, the question "whether the statute of limitations would bar the plaintiff from refiling," remains a factor that courts should consider in deciding whether to exercise their discretion to grant an extension.  17 F.4th at 1160; *see also Lemus ex rel. O.C.L. v. D.C. Int'l Charter Sch.*, No. 20-CV-3839, 2022 WL 407151, at *10 (D.D.C. Feb. 10, 2022).  Here, Plaintiff alleges that the EEOC issued its decision on May 9, 2022, Dkt. 1 at 15–16 (Compl. ¶ 44), and Title VII requires that a plaintiff bring suit, if at all, within ninety days of receiving notice from the EEOC of its final action, 42 U.S.C. § 2000e-16(c) ("Within 90 days of receipt of notice of final action taken by a department, agency . . . or by the [EEOC] . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint . . . may file a civil action."); *see also Adams v. U.S. Dep't of the Navy*, Civ. A. No. 17-1618, 2020 WL 2308581, at *3 (D.D.C. May 8, 2020).  As a result, there is at least a risk that, if the Court dismisses Plaintiff's complaint, he will be unable to refile.

Dismissing Plaintiff's claims for failure to serve, then, might effectively bar Plaintiff from ever pursuing his claims on the merits.  Given that "[a] dismissal with such prejudicial consequences is a 'death knell' that should be employed 'only as a last resort,'" this factor weighs heavily against dismissing Plaintiff's claims.  *Morrissey*, 17 F.4th at 1165 (Millett, J., dissenting); *see also* Fed. R. Civ. P. 4(m) Advisory Committee Note to 1993 amendment ("Relief may be justified [under Rule 4(m)], for example, if the applicable statute of limitations would bar the refiled action."); 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

*Procedure* § 1083 (4th ed. 2023) ("The general attitude of the federal courts is that the provisions of Federal Rule 4 should be liberally construed in the interest of doing substantial justice.").

Third, Plaintiff was diligent in correcting the service deficiencies. *See Morrissey*, 17 F.4th at 1160. Just one day after the service deadline, counsel filed affidavits of service with the Court and sought an extension of time. *See* Dkts. 4, 5, 6. Although those affidavits were rejected by the Clerk as deficient, counsel resolved the deficiencies in quick order, notwithstanding his absence from work following a COVID-19 diagnosis. *See* Dkt. 13 at 2.

Finally, there is no evidence or suggestion that the government will suffer any undue prejudice if the Court grants Plaintiff the requested extension. *See Murphy*, 2022 WL 4379037, at *2 ("Defendant does not present any argument as to how he or the United States has been prejudiced."). The Department will, of course, need to litigate this case on the merits now. But the law favors resolving cases on the merits, rather than based on minor, nonprejudicial missteps by counsel. Putting the Department to the burden of defending the case—even if it was served a week late—is not an *undue* burden. Indeed, until 2015, Rule 4(m) provided plaintiffs with 120 days to effect service. *See* Fed. R. Civ. P. 4(m) Advisory Committee Note to 2015 amendment. It is the rare case, moreover, in which the government does not seek an extension of time (usually far exceeding a week in length) to respond to a complaint once served. Against this backdrop, it is difficult to conceive how the Department was disadvantaged by the fact that Plaintiff took ninety-eight days to effect service.

To be sure, Plaintiff is represented by counsel and is therefore undeserving of the additional latitude a *pro se* litigant might receive. *See Morrissey*, 17 F.4th at 1160. It also bears note that Plaintiff's counsel has a history of failing to file in a timely fashion. *See, e.g.*, *Brisbon v. Tischner*, Civ. A. No. 20-3183, 2022 WL 1521782, at *4–6 (D.D.C. May 13, 2022); *McAlister*

9

*v. Potter*, 733 F. Supp. 2d 134, 142–44 (D.D.C. 2010).  But Plaintiff should not pay the cost for mistakes that his lawyer has made in other cases, and, in any event, that history is insufficient to dislodge the other considerations, which weigh heavily in favor of granting the requested extension of time to serve and to file proof of service.  As the Court observed at the outset, this is an easy call.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's corrected motion for an extension of time, Dkt. 13, is **GRANTED**; Defendant's Motion to Dismiss, Dkt. 9, is **DENIED**; and Plaintiff's initial motion for a one-day extension of time, Dkt. 7, is **DENIED** as moot.  It is further **ORDERED** that the Affidavits of Service filed at Dkts. 10, 11, and 12 are **DEEMED FILED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  May 25, 2023