IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARNELL J. PARKER,

          Plaintiff,

     v.

JANET L. YELLEN,
Secretary, United States Department of the
Treasury,

          Defendant.

Civil Action No. 22-2344 (RDM)

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Janet L Yellen, in her official capacity as the Secretary of the United States Department of the Treasury, by and through undersigned counsel, hereby answers Plaintiff's Complaint (ECF No. 1) as follows:

## SPECIFIC RESPONSES

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted herein, it is denied.  Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

In response to the numbered paragraphs of the complaint, Defendant admits, denies, or otherwise avers as follows:

## COMPLAINT

This unnumbered paragraph contains Plaintiff's characterization of his action, to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph titled Complaint.  To the extent this Paragraph is Plaintiff's prayer for relief, no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## JURISDICTION AND VENUE[1]

1.      Paragraph 1 does not contain allegations of fact but rather conclusions of law regarding subject-matter jurisdiction, to which no response is required.  To the extent that a response is deemed required, Defendant admits that this Court has subject-matter jurisdiction over the case.

2.      Paragraph 2 does not contain allegations of fact but rather conclusions of law regarding exhaustion, to which no response is required.  To the extent that a response is deemed required, Defendant admits that Plaintiff has exhausted administrative remedies with respect to certain claims.

3.      Defendant admits that the Department of the Treasury is a Federal agency that is headquartered within the District of Columbia.  The remainder of the allegations in Paragraph 3 does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required.   To the extent that a response is deemed required, Defendant admits that this Court has venue over the case.

---

[1]      For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

Case 1:22-cv-02344-RDM   Document 22   Filed 07/06/23   Page 3 of 14

**PARTIES**

4.       Defendant admits that Plaintiff is an African American male.  Defendant is without

sufficient knowledge as to the remainder of the allegation contained in the first sentence of

Paragraph 4 and therefore they are denied.  Defendant admits the allegation contained in the

second sentence of Paragraph 4.

5.       Defendant admits the allegation in the first sentence of Paragraph 5.  Defendant avers that

the Office of the Special Inspector General for the Troubled Asset Relief Program (SIGTARP) is

an independent law enforcement agency administratively connected to the United States

Department of the Treasury.  Defendant further avers that SIGTARP targets financial institution

crime and other fraud, waste, and abuse related to the Troubled Asset Relief Program.

Defendant admits the allegations contained in third sentence of Paragraph 5.  Defendant denies

the remainder of the allegations in Paragraph 5.

**FACTS**

6.       Defendant admits that Plaintiff is an African American male who was 49 at the time the

Complaint was filed and who worked for SIGTARP from 2016 to 2021 as a GS-14 Senior

Investigative Research Specialist.  Defendant denies the remainder of the allegations contained

in the first sentence of Paragraph 6.  Defendant admits that Plaintiff holds an undergraduate

degree in finance and a master's degree in information systems.  Defendant further admits that

Plaintiff performed as a GS-14 from 2016-2021 while at SIGTARP.  Defendant is without

sufficient knowledge as to the remainder of the allegations contained in the second sentence of

Paragraph 6 and therefore they are denied.  Defendant admits that Jeremy Ellis was Plaintiff's

immediate supervisor starting in November 2018 and Norman Embry was his second level

supervisor prior to March 2018 and after August 2018.  Defendant admits the allegations

contained in the fourth sentence of Paragraph 6.

7.	Defendant avers that SIGTARP is an independent law enforcement agency

administratively connected to the United States Department of the Treasury.  Defendant further

avers that SIGTARP targets financial institution crime and other fraud, waste, and abuse related

to the Troubled Asset Relief Program.  Defendant denies the remainder of the allegation

contained in Paragraph 7.

8.	Defendant admits that Plaintiff worked on analytical projects, including those pertaining

to Allowance for Loan and Lease Losses and Legal Lending Limit issues.  Defendant further

admits Plaintiff worked on issues pertaining to the Capital Purchase Program and the Department

of the Treasury's Making Home Affordable program.  Defendant denies the remainder of the

allegations contained in Paragraph 8.

9.	Defendant admits that at various times between August 21, 2017, through on or about

November 9, 2017, Plaintiff was assigned to provide support for the criminal trial team in San

Francisco, California, that included working in the Department of the Justice "war room".

Defendant further admits that Plaintiff received instructions from the trial team members, who

included the assigned Assistant United States Attorneys, several Special Agents, and

Investigative Counsels, including Investigative Counsel John Sellers.   Defendant denies the

remainder of the allegations contained in Paragraph 9.

10.	Defendant admits that at various times between August 21, 2017, through on or about

November 9, 2017, Plaintiff, along with all the criminal trial team members, among other things,

performed trial team support, including tasks sometimes performed by paralegals and

administrative support personnel, at various times throughout the trial.  Defendant denies the

remainder of the allegations contained in the first sentence of Paragraph 10.  Defendant admits

the first part of the allegations contained in the second sentence of Paragraph 10.  Defendant

denies the remainder of the allegations contained in the second sentence in Paragraph 10.

Defendant denies the allegations contained in the third sentence in Paragraph 10.

11.     Defendant denies the allegations contained in Paragraph 11.

12.     Defendant admits that Plaintiff expressed concerns to Nenette Day about working with

Mr. Sellers.  Defendant denies the remainder of the allegations contained in the first sentence in

Paragraph 12.  The second sentence of Paragraph 12 contains conclusions of law regarding

hostile workplace, to which no response is required.  Defendant denies the allegations contained

in the second sentence in Paragraph 12.  Defendant admits that Thomas Jankowski addressed

with Mr. Sellers concerns raised by the Plaintiff regarding Plaintiff's work relationship with Mr.

Sellers.  Defendant denies the remainder of the allegations contained in the third sentence of

Paragraph 12.

13.     Defendant admits that Mr. Sellers inquired about a Department of Justice employee,

Maria Sunga.  Defendant denies the remainder of the allegations contained in Paragraph 13.

14.     Defendant admits that the Plaintiff filed an EEO complaint with the complaint number

assigned SIGTAR-18-0290-F.  Defendant denies the remainder of the allegations contained in

Paragraph 14.

15.     Defendant denies the allegations contained in the first sentence of Paragraph 15.

Defendant admits the second sentence in Paragraph 15.  Defendant is without sufficient

knowledge as to the first part of the allegation in the third sentence of Paragraph 15.  Defendant

admits the second part of the allegation in the third sentence of Paragraph 15.   Defendant is

without sufficient knowledge as to the allegations contained in the fourth sentence of Paragraph

15 and therefore they are denied.  Defendant admits the allegations in contained in the fifth and

sixth sentences of Paragraph 15.  Defendant denies the remainder of the allegations contained in

Paragraph 15.

16.      Defendant denies the allegations contained in Paragraph 16.

17.      Defendant denies the allegations contained in Paragraph 17.

18.      Defendant denies the allegations contained in the first sentence of Paragraph 18.

Defendant is without sufficient knowledge as to the allegations contained in the second sentence

of Paragraph 18 and therefore they are denied.   Defendant is without sufficient knowledge as to

the allegations contained in the first half of third sentence of Paragraph 18 and therefore they are

denied.  Defendant denies the remainder of the allegations in Paragraph 18.

19.      Defendant denies the allegations contained in the first and second sentences of Paragraph

19.  Defendant admits that Mr. Sellers was a former prosecutor.  Defendant is without sufficient

knowledge as to the remainder of the allegations contained in the third sentence of Paragraph 19

and therefore it is denied.

20.      Defendant denies the allegations contained in the first three sentences in Paragraph 20.

Defendant is without sufficient knowledge as to the allegations contained in the fourth sentence

of Paragraph 20 and therefore they are denied.

21.      Defendant admits that on or around November 20, 2017, Mr. Jankowski met with the

Plaintiff regarding Plaintiff's alleged interactions with Mr. Sellers.  Defendant denies the

allegations contained in the second sentence in Paragraph 21.

22.      Defendant denies the allegations contained in Paragraph 22.

23.      Defendant denies the allegation contained in the first sentence of Paragraph 23.

Defendant admits the allegation contained in the second sentence of Paragraph 23.

24.     Defendant admits the allegation contained in Paragraph 24.

25.     Defendant admits Susan Lynn was Plaintiff's supervisor and reviewing official from approximately mid-August 2018 through mid-November 2018.  Defendant is without sufficient knowledge as to the allegation contained in the second sentence of Paragraph 25 and therefore they are denied.  Defendant denies the allegation contained in the third sentence of Paragraph 25. Defendant admits the allegation in the fourth sentence of Paragraph 25.  Defendant denies the remainder of the allegations contained in Paragraph 25.

26.     Defendant denies the allegations contained in the first sentence in Paragraph 26. Defendant denies the allegations contained in the second sentence in Paragraph 26.  Defendant admits that Susan Lynn was the Plaintiff's supervisor and provided him his annual performance review for 2018.  Defendant denies the remainder of the allegation in the third sentence of Paragraph 26.  Defendant avers that Ms. Day provided the Plaintiff with a mid-year performance progress review.  Defendant denies the remainder of the allegations contained in Paragraph 26.

27.     Defendant is without sufficient knowledge as to the allegations contained in the first part of the first sentence in Paragraph 27 and therefore they are denied.  Defendant denies the remainder of the allegations contained in Paragraph 27.

28.     Defendant is without sufficient knowledge as to the allegations contained in the first sentence of Paragraph 28 and therefore they are denied.  Defendant denies the allegations contained in the second sentence of Paragraph 28.

29.     Defendant denies the allegations contained in Paragraph 29.

30.     Defendant is without sufficient knowledge as to Plaintiff's allegations in the second sentence of Paragraph 30 and therefore they are denied.  Defendant denies the remainder of the allegations contained in Paragraph 30.

31.     Defendant denies the allegations contained in the first and second sentences of Paragraph

31.  Defendant denies the allegations in the third sentence of Paragraph 31.  Defendant admits

the allegations contained in the fourth sentence of Paragraph 31.  Defendant denies the remainder

of the allegations contained in Paragraph 31.

32.     Defendant admits the allegation contained in the first sentence of Paragraph 32.

Defendant is without sufficient knowledge as to the allegations contained in the second and third

sentences of Paragraph 32 and therefore they are denied.  Defendant admits the allegation

contained in fourth sentence of Paragraph 32.

33.     Defendant admits that Ms. Lynn acknowledged receiving feedback from Ms. Day

regarding Plaintiff's mid-year review.  Defendant denies the remainder of the allegations

contained in Paragraph 33.

34.     Defendant denies the allegations contained in the first sentence of Paragraph 34.

Defendant denies the allegation contained in the first part of the second sentence in Paragraph

34.  Defendant is without sufficient knowledge as to the second part of the allegation contained

in the second sentence of Paragraph 34 and therefore it is denied.  Defendant admits that

performance ratings are considered as part of retention registers issued during a reduction in

force.  Defendant denies the remainder of the allegations contained in Paragraph 34.

35.     Defendant is without sufficient knowledge as to the allegation in the first part of the

sentence contained in the first sentence in Paragraph 35 and therefore it is denied.  Defendant

denies the remainder of the allegation in the first sentence of Paragraph 35.  Defendant admits

that in mid-April 2018, Nenette Day provided the Plaintiff with a mid-year performance progress

review.  Defendant denies the remainder of the allegations contained in contained in Paragraph

35.

36.     Defendant denies the allegations in Paragraph 36.

37.     Defendant denies the allegations contained in Paragraph 37.

38.     Defendant denies the allegations contained in Paragraph 38.

39.     Defendant admits that on or about January 2019, Mr. Embry requested Plaintiff's signature on his FY2018 performance appraisal. Defendant further admits that Plaintiff refused to sign the performance appraisal.  Defendant denies the remainder of the allegations contained in 39.

40.     Defendant denies the allegations contained in Paragraph 40.

41.     Defendant admits that Plaintiff wrote an email to Ms. Lynn, Mr. Washington, and Mr Ellis on or around February 26, 2019.  Defendant respectfully refers the Court to the email for a complete and accurate statement of its contents, and denies any inconsistency thereof.

42      Defendant is without sufficient knowledge as to the first part of the allegation contained in the first sentence of Paragraph 42 and therefore it is denied.  Defendant denies the remainder of the allegations contained in Paragraph 42.

43.     Defendant is without sufficient knowledge as to the allegations regarding what Plaintiff "believes" and therefore they are denied.  Defendant admits the allegation in the third sentence that Plaintiff filed a complaint of discrimination before the Equal Employment Opportunity Commission alleging discrimination based on sex, race, age, and retaliation for his engagement in protected activity.  Defendant is without sufficient knowledge as to the allegation contained in the third sentence of Paragraph 43 and therefore they are denied.  Defendant denies the remainder of the allegations contained in Paragraph 43.

44.     Defendant admits the allegations contained in Paragraph 44.

### COUNT 1

**Violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII), 42 U.S.C. §
2000e, *et seq.*
Race, Gender, and Age Discrimination
Hostile Work Environment
Disparate Treatment**

45.     Defendant restates and incorporates by reference each and every response set forth in

Paragraphs 1-44 as though fully set forth herein.

46.     Paragraph 46 does not contain allegations of fact but rather conclusions of law regarding

subject-matter jurisdiction.  To the extent a response is deemed required, Defendant admits the

allegations contained in Paragraph 46.

47.     Paragraph 47 does not contain allegations of fact but rather conclusions of law.  To the

extent a response is deemed required, Defendant admits the allegations contained in Paragraph

47.

48.     Paragraph 48 does not contain allegations of fact but rather conclusions of law.  To the

extent a response is deemed required, Defendant respectfully refers the Court to the relevant

provisions of Title VII of the Civil Rights Act of 1964 for a true and complete statement of their

requirements and denies all inconsistencies thereof.

49.     The first sentence of Paragraph 49 does not contain allegations of fact but rather

conclusions of law.  To the extent a response is deemed required, Defendant denies the

allegations contained in the first sentence of Paragraph 49.  Defendant admits that Plaintiff

received a rating of "Exceeds Expectations" on his 2018 performance appraisal.  Defendant

denies the remainder of the allegations contained in Paragraph 49.

50.     Paragraph 50 does not contain allegations of fact but rather conclusions of law.  To the

extent a response is deemed required, Defendant denies the allegations of Paragraph 50.

51.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 51 and therefore they are denied.

52.     Defendant is without sufficient knowledge with respect to what Plaintiff "is informed" or "believes" and therefore those allegations are denied.  Defendant denies the remainder of the allegations contained in Paragraph 52.

## COUNT II

**Violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII")**
**42 U.S.C. § 2000e et seq.**
**Retaliation**

53.     Defendant restates and incorporates by reference each and every response set forth in Paragraphs 1-52 as though fully set forth herein.

54.     Paragraph 54 does not contain allegations of fact but rather conclusions of law regarding subject-matter jurisdiction.  To the extent a response is deemed required, Defendant admits the allegations contained in Paragraph 54.

55.     Paragraph 55 does not contain allegations of fact but rather conclusions of law.  To the extent a response is deemed required, Defendant admits the allegations contained in Paragraph 55.

56.     Paragraph 56 does not contain allegations of fact but rather conclusions of law.  To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provisions of Title VII of the Civil Rights Act of 1964 for a true and complete statement of their requirements and denies all inconsistencies thereof.

57.     Defendant admits the allegations contained in the first sentence of Paragraph 57. Defendant admits that Plaintiff expressed concern to his supervisor Ms. Day about his alleged

interactions with Mr. Sellers.  Defendant denies the remainder of the allegations contained in

Paragraph 57.

58.     Defendant admits the allegation contained in the first sentence of Paragraph 58.

Defendant denies the allegations contained in the second sentence in Paragraph 58.  Defendant

admits that on or around November 20, 2017, Mr. Jankowski met with the Plaintiff regarding

Plaintiff's alleged interactions with Mr. Sellers.  Defendant denies the remainder of the

allegations contained in the third and fourth sentences in Paragraph 58.  Defendant admits on or

about January 2018, Ms. Day relayed to Mr. Embry and Mr. Jankowski that she received specific

concerns the Plaintiff had with Mr. Sellers.  Defendant denies the allegations contained in the

sixth sentence of Paragraph 58.  Defendant admits the allegation contained in the seventh, eighth,

and ninth sentences of Paragraph 58.  Defendant is without sufficient knowledge as to the

allegations contained in the tenth sentence in Paragraph 58 and therefore they are denied.

Defendant denies the allegation contained in the eleventh sentence in Paragraph 58.  Defendant

admits the allegations contained in the twelfth sentence in Paragraph 58.  Defendant denies the

remainder of the allegations contained in Paragraph 58.

59.     Defendant admits that Plaintiff received a rating of "Exceeds Expectations" on his 2018

performance appraisal.  Defendant denies the remainder of the allegations contained in

Paragraph 59.

60.     Paragraph 60 does not contain allegations of fact but rather conclusions of law.  To the

extent a response is deemed required, Defendant denies the allegations of Paragraph 60.

61.     Paragraph 61 does not contain allegations of fact but rather conclusions of law.  To the

extent a response is deemed required, Defendant denies the allegations of Paragraph 61.

62.     Defendant is without sufficient knowledge with respect to what Plaintiff "is informed" or "believes" and therefore those allegations are denied.  Defendant denies the remainder of the allegations contained in Paragraph 62.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's requests for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## JURY TRIAL DEMAND

This paragraph contains Plaintiff's request for a jury trial, to which no response is required.

## DEFENSES

### First Defense

Plaintiff fails to state a claim upon which relief may be granted.

### Second Defense

Defendant denies each and every allegation of the Complaint not expressly admitted in its Answer.  Defendant respectfully requests and reserves the right to amend, alter and supplement the defenses contained in the Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.


Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint and Demand for Jury Trial.

Dated: July 6, 2023
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:         */s/ Brian J. Levy*
      BRIAN J. LEVY
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-6734

*Attorneys for the United States of America*

14